# UNITED STATES DISTRICT COURT
for the
District of Columbia

IN THE MATTER OF THE APPLICATION OF THE  )
UNITED STATES OF AMERICA FOR A SEARCH     )
WARRANT OF ONE PERSON UNDER RULE 41       )
                                          )   Case No. 25-sw-288
                                          )
                                          )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

located in the ___Jurisdiction___ District of ___Columbia___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm by a Person Convicted of an Offense Punishable by a Term of Imprisonment Exceeding One Year |
| 18 U.S.C. § 924(c) | Possession of a Firearm During and In Furtherance of a Drug Trafficking Crime |

The application is based on these facts:

See Affidavit in Support of the Application for Search Warrant

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Cristen Modlin, Detective
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 09/30/2025

City and state: Washington, D.C.

Zia M. Faruqui          United States Magistrate Judge
*Judge's signature*
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☑ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | ) | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT OF ONE PERSON UNDER RULE 41 | ) ) ) ) ) ) | Case No. 25-sw-288 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Jurisdiction of the   District of   Columbia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before   October 14, 2025   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Zia M. Faruqui, U.S. Magistrate Judge
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   09/30/2025 _____
                                                                                                *Judge's signature*

City and state:   Washington, D.C.                   Zia M. Faruqui, U.S. Magistrate Judge
                                                                                           *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 25-sw-288 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

## ATTACHMENT A

*Person to be Searched*

The person to be searched is PIERRE GORDON BLACK, DOB ▮▮▮▮▮▮ FBI# ▮▮▮▮▮▮ and PDID ▮▮▮▮▮▮.



## ATTACHMENT B

*Property to be seized from person of PIERRE BLACK*

All items constituting evidence, fruits, and/or instrumentalities of violations of Possession of a Firearm and Ammunition by a Person Convicted of an Offense Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g), and Possession of a Firearm During and In Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (hereinafter, the "SUBJECT OFFENSES"), by PIERRE BLACK, as described in the search warrant affidavit, including, the following:

a. Samples of the deoxyribonucleic acid ("DNA") of the person identified in Attachment A to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT OF ONE PERSON UNDER RULE 41 | Case No. 25-SW-288 |

**AFFIDAVIT IN SUPPORT OF APPLICATION UNDER RULE 41 FOR WARRANT TO SEARCH AND SEIZE**

I, Cristen Modlin, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing a search of a sample of the deoxyribonucleic acid ("DNA") from PIERRE BLACK to be collected via buccal or oral swabs in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2. I am a Detective with the Metropolitan Police Department in Washington, D.C. (MPDC) and a Task Force Officer (TFO) with the Drug Enforcement Agency. I have been a police officer since December 2007, and a Detective since November 2013. I have previously been assigned to MPD's Child Sexual Abuse Unit, and currently I am assigned to the Violent Crime Suppression Division's Overdose Section. As a Detective and TFO, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer, I am authorized to execute warrants issued under the authority of the United States.

3. Through my training and employment, I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA

of an individual to identify an individual as a potential suspect or exclude an individual as a potential suspect.

4.      I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include business and bank records, and official government records, knowledge obtained from other individuals, including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein.

5.      Because this affidavit is being submitted for the limited purpose of a search warrant for buccal swabs of BLACK, I have not set forth every fact learned during this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and reviewed, and, in part, upon information and belief.

6.      On the basis of this familiarity, and on the basis of other information your affiant has reviewed and determine to be reliable, I allege the facts to show there is probable cause to believe that evidence of violations of Unlawful Possession of a Firearm by a Person Convicted of an Offense Punishable by a Term of Imprisonment Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Possession of a Firearm During and In Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (hereinafter, the "SUBJECT OFFENSES"), will be found located in the cheek/saliva (buccal swab[1]) of BLACK.

---

[1] As the Supreme Court has recognized, a "buccal swab" is a "common procedure" that involves "wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells." *Maryland v. King*, 133 S. Ct. 1958, 1967-68

**PROBABLE CAUSE**

7. This investigation focuses on the Distribution and Possession of Fentanyl by BLACK. In and around February of 2025, members of the DEA Washington Division Group 44, in conjunction with MPDC, began investigating the sales of controlled substances in the 700 block of H Street Northeast, Washington, D.C., 2002. During the course of the investigation, there were multiple controlled purchases of fentanyl from BLACK by an undercover officer within Washington, D.C.

8. A federal search warrant (25-sw-253) was issued on September 4, 2025, for the apartment and vehicle used by BLACK. This warrant was served by members of the DEA and MPDC on September 5, 2025. Just prior to the execution of the warrant, BLACK was found walking out of the apartment building. Inside the apartment were Individual-1 and two children. Also found in the apartment was mail matter in the names of Individual-1 and other individuals unknown to this investigation, and a payment card in BLACK's name. For more information on the investigation and search, see search warrant 25-sw-253 and 25-sw-264 (which was issued on September 12, 2025, for two phones recovered during the search). Your affiant incorporates the affidavits in support of these warrants by reference.

9. During the execution of the search warrant, a firearm was located in the residence in a locked safe in the closet in the rear master bedroom. On top of the safe was a powder consistent in appearance with the drugs sold to the UC. Also found in the safe, which was unlocked by inputting a code provided by Individual-1, was a 9mm ammunition. The firearm was a Springfield Armory XD-9 handgun with serial number BV396266, with zero rounds in the chamber and nine

---

(2013). This procedure is "quick and painless" and poses "no threat to the health or safety" of a defendant. *Id*. at 1968.

rounds in a ten-round magazine. The bedroom appeared to be the adult bedroom in the household because of the clothing observed in the room and the size of the bed. In the other bedroom, there were smaller beds, as if they were for the children in the household (although one of the children present during the search was found sleeping in the master bedroom).

10. After the arrest of BLACK, once he was read and waived his Miranda Rights, he reported that he had the firearm for protection because of his family. He also stated he did not know he was not allowed to possess the firearm. Due to the statements made to your affiant and another Special Agent on scene, it is believed BLACK's DNA may be recovered from the firearm and magazine recovered from the household.

11. On September 4, 2025, a Federal Judge in the District of Columbia issued a complaint against BLACK charging him with one count of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi), Distribution and Possession with Intent to Distribute 40 Grams or More of Fentanyl. On September 18, 2025, a grand jury returned an indictment charging him with two counts of that same crime. However, the grand jury returned a no bill on the charge that BLACK unlawfully possessed the Springfield XD-9 recovered on September 5, 2025, under 18 U.S.C. § 922(g)(1).

12. BLACK was arrested on the Complaint on September 5, 2025. BLACK is currently detained within the District of Columbia.

13. Your affiant knows BLACK to have multiple prior convictions punishable by a term of more than one year, including, for example, D.C. Superior Court case 1986-FEL-1281, in which he was sentenced in 1987 to 4 to 12 years of incarceration, and D.C. Superior Court case 2009-CF2-1465, in which he was sentenced in 2010 to 20 months of incarceration with credit for time served and the rest suspended.

14. There is probable cause to search BLACK for saliva samples containing their DNA because there is a fair probability that his DNA is evidence of a crime.

15. Based on the foregoing facts, your affiant believes there is probable cause to believe that the firearm was possessed by BLACK. Your affiant therefore believes there is probable cause to obtain a buccal swab from BLACK, to compare any DNA collected from the firearm and magazine recovered on September 5, 2025, to BLACK's DNA.

## CONCLUSION

16. Based upon the above-referenced facts, your affiant submits that there is probable cause to believe that evidence of the SUBJECT OFFENSES will be located in the cheek/saliva (buccal swabs) of BLACK.

Respectfully submitted,

Cristen Modlin
Detective/ TFO
MPDC/DEA

Subscribed and sworn by phone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on 30th of September, 2025.

_____
Zia M. Faruqui
United States Magistrate Judge